PEOPLE ex rel. McKEON v. MILLER, Superintendent of Buildings.

(No. 6540.)

(Supreme Court, Appellate Division, First Department. December 18, 1914.)

MUNICIPAL CORPORATIONS (§ 192*)—MUNICIPAL OFFICERS—REMOVAL.

 A building inspector, who under the orders of his superior, the superintendent of buildings, recommended the dismissal of a building violation cannot be removed for that act, which was not his, but that of his chief.

 [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 530–532; Dec. Dig. § 192.*]

Appeal from Special Term, New York County.

Application by the People of the State of New York, on the relation of William J. McKeon, for writ of mandamus against Rudolph P. Miller, as Superintendent of Buildings of the Borough of Manhattan, City of New York. From a final order and judgment denying the writ, relator appeals. Reversed, and peremptory writ directed.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

Herbert C. Smyth, of New York City, for appellant.

E. Crosby Kindleberger, of New York City, for respondent.

PER CURIAM. The relator was removed as an inspector for the assigned reason that he had dismissed a certain building violation. The letter of dismissal referred to an opportunity which he had been given to make an explanation of charges against him, but no formal charges were preferred, nor was there, in the letter requesting him to make an explanation, any suggestion that charges against him were intended thereby to be preferred, or were in contemplation.

As a matter of fact, all that the relator did was to comply with the order of the superintendent of buildings, who was his superior, and who, under the rules and regulations of the bureau of buildings, had the right to require the relator to perform any duty which he might require. When the superintendent of buildings handed the relator the violation paper and ordered him to recommend the case for dismissal at once, the relator was given no option save to comply therewith. A refusal so to do would have meant his instant dismissal from the bureau. What he did was to write out on the usual printed form for the removal of violations a report in his own handwriting showing that he recommended the dismissal of the violation by the order of the superintendent of buildings. By this report no one was deceived, no imposition or fraud was practiced, and certainly he did not impose upon his superior officer, who had given him orders to do this very thing, and who was awaiting his compliance with the order to officially dismiss the violation, for the former superintendent of buildings testified that he had told relator an inspection had been made by another inspector, whose report would shortly be in, and that he ordered relator to go ahead and dismiss the case. Taken as a whole, and having regard to the fact that the essential portion of the report in the relator's handwriting showed that he did not act of his own volition, but solely in obedience to the official order of his superior, the head of the department, no substantial charge based upon his action could have been preferred against him, nor could he have been legally removed for what he did. The responsibility for what occurred was upon the head of the bureau, and not upon a subordinate, who had obeyed orders.

It follows that the order and judgment appealed from should be reversed, with costs, and judgment directed in favor of relator, awarding him a peremptory writ of mandamus for his reinstatement to his position as inspector.